# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALINDO, | 1:09-cv-01656-GSA-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | (Doc. 7.) |
| J. BUSBY, et al., | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| Defendants. | |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.    RELEVANT PROCEDURAL HISTORY**

Jesus Galindo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 17, 2009. (Doc. 1.) On September 28, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 25, 2010, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On April 5, 2010, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 7.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. The events at issue in the First Amended Complaint allegedly occurred while Plaintiff was being transported from CCI to Corcoran State Prison ("CSP") for a medical appointment. Plaintiff names as defendants Sergeant J. Busby and Correctional Officer (C/O) R. Mullins.

Plaintiff alleges as follows. On February 20, 2008, Plaintiff was transported from CCI to CSP for a scheduled consultation with a urologist. Plaintiff's transporting officers were Sgt. J. Busby and C/O R. Mullins. Prior to departure, Plaintiff was restrained with handcuffs, leg irons, and a waist chain, with a black box linking the handcuffs to the waist chain and limiting the movement of Plaintiff's wrists. Due to the short length of Plaintiff's waist chain, C/O Mullins had to manipulate the chain in such a way that it was very uncomfortable for Plaintiff when the chain was locked.

The transportation to CSP took two hours. Upon arrival, Plaintiff informed C/O Mullins that his wrists were painful and throbbing from the tight handcuffs. Mullins told Plaintiff that he would soon be inside the clinic where the cuffs would be adjusted. Approximately an hour later, Sgt. Busby entered the van and asked Plaintiff if everything was okay. Plaintiff again requested to have the handcuffs loosened, emphasizing his discomfort and pain. Busby told Plaintiff that he would soon be entering the clinic, where the cuffs would be loosened. Approximately an hour later, Sgt. Busby again entered the van and asked Plaintiff if everything was okay. Plaintiff told Busby about his pain and frustration, pleading to have the handcuffs loosened. Busby refused and left the van.

Plaintiff spent approximately five hours in tight handcuffs, suffering extreme pain, causing Plaintiff's wrists to be permanently scarred. After five hours, a third officer adjusted the cuffs inside the clinic. When Plaintiff returned to CCI, he complained to other officers about his wrists, and a nurse noted and video-recorded Plaintiff's wounds.

Plaintiff seeks monetary damages as relief.

## IV. PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Excessive Force – Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillan, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations do not rise to the level of a cognizable Eighth Amendment claim for excessive force. Plaintiff has not allege facts demonstrating that either of the defendants applied force maliciously and sadistically to cause Plaintiff harm. Moreover, Plaintiff has not described injuries that are more than de minimus injuries. Therefore, Plaintiff fails to state a claim for excessive force in violation of the Eighth Amendment.

**B.     Assault**

Plaintiff also brings a claim for assault. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first

have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claim for assault fails.

**V.   CONCLUSION**

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 18, 2011**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE